UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
OSMONDO SMITH, :
               Plaintiff, :
: MEMORANDUM DECISION
    -against- : AND ORDER
: 14 Civ. 08839 (GBD)(SN)
CORIZON HEALTH SERVICES and THE CITY :
OF NEW YORK, :
               Defendants. :
:
------------------------------------- x

GEORGE B. DANIELS, District Judge:

    *Pro se* Plaintiff Osmondo Smith brings this action pursuant to 42 U.S.C. § 1983, against Defendants Corizon Health Services ("CHS") and the City of New York ("the City"), for the violation of his Fourteenth Amendment right to medical information.[1] (Report and Recommendation ("Report"), (ECF No. 30), at 1.)[2] Plaintiff alleges that a CHS mental health worker prescribed him the antipsychotic medication Seroquel, which Plaintiff proceeded to take. (*Id.* at 1-2.) Plaintiff alleges that he developed Type II diabetes as a result of taking Seroquel. (*Id.*) Plaintiff seeks monetary relief from Defendants because prison personnel did not disclose that Type II diabetes was a side effect of Seroquel. (*Id.*) Defendants moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See id.* at 3.)

---

[1] "Although the complaint does not explicitly name a specific constitutional right, the Court construes it to allege infringement of Smith's right to receive information necessary to refuse medical treatment, protected by the Due Process Clause of the Fourteenth Amendment." (Report and Recommendation ("Report"), (ECF No. 30), at 5.)

[2] All citations herein are to the Report, which, in turn, cites to the record. In addition, this decision incorporates by reference the facts, procedural history, and standard of review as laid out in the Report. (*See id.* at 2-4.)

1

Before this Court is Magistrate Judge Sarah Netburn's July 31, 2015 Report, in which she recommends that Defendants' motion be granted and that Plaintiff's case be dismissed with leave to amend. (*Id.* at 1, 15-17.) This Court adopts the Report in full. Defendants' motion to dismiss is granted. Plaintiff may seek leave to amend the complaint pursuant to a schedule to be determined by Magistrate Judge Netburn.[3]

## STANDARD OF REVIEW

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1). When parties object to the Report, the Court must review *de novo* those portions of the Report to which objections are made. *Id.* The Court is not, however, required to conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, "[i]t is sufficient that the district court 'arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made.'" *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The Report informed the parties that they had fourteen (14) days from service of the Report to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (Report at 18.) To date, no party has filed objections, and the time to object has expired.

## DEFENDANTS' MOTION TO DISMISS

The Complaint is dismissed on two independent grounds: (1) the Complaint fails to

---

[3] Because this Court dismisses the only federal claim, it declines to consider or exercise supplemental jurisdiction over Plaintiff's state claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Byrne v. Ceresia*, 503 F. App'x 68, 69-70 (2d Cir. 2012).

adequately allege municipal liability, and (2) the Complaint fails to adequately allege that the CHS employee who prescribed Seroquel acted with deliberate indifference.

I. **Municipal Liability**

The Report correctly states that to prevail on a claim of municipal liability, Plaintiff must include factual allegations in the Complaint that suggest the existence of an officially-adopted policy or custom of the municipality that caused his injury. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 611 (1978) ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."). For the reasons outlined in the Report, Plaintiff has not adequately alleged a policy or custom sufficient to satisfy a *Monell* claim against the City of New York or CHS.[4] The Complaint is therefore dismissed on this basis.

II. **Right to Medical Information**

The Supreme Court has established that a prisoner has a protected liberty interest in refusing unwanted medical treatment. *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990). "[T]o permit prisoners to exercise their right to refuse unwanted treatment, there exists a liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment." *Pabon v. Wright*, 459 F.3d 241, 249-50 (2d Cir. 2006) (citation omitted). To sustain a claim for inadequate medical information, Plaintiff must: (1) satisfy an objective standard that the prison failed to provide him adequate information to make an informed decision; (2) allege that Plaintiff would have refused the medical treatment had he been provided with the relevant medical information; and (3) allege that Defendants' failure was undertaken with deliberate indifference to Plaintiff's

---

[4] As the Report explains, CHS is also subject to *Monell*. (*See* Report at 13.)

right to refuse medical treatment. *See id.* at 250.

This Court agrees that Plaintiff has satisfied the first two elements of his claim for the reasons articulated in the Report.[5] (Report at 6-8.) Notwithstanding his satisfaction of elements one and two, Plaintiff fails to adequately allege the third element: that Defendants acted with deliberate indifference to Plaintiff's right to refuse medical treatment.

The Fourteenth Amendment test for deliberate indifference requires that Plaintiff prove that Defendants deliberately withheld information about the objectionable medication, specifically for the purpose of inducing an inmate to accept that medication.[6] *See, e.g., Pabon*, 459 F.3d at 254; *Alston v. Bendheim*, 672 F. Supp. 2d 378, 385 (S.D.N.Y. 2009). It is not enough for the health worker to merely fail to inform a prisoner of the risks and side effects of a medication. *See Alston*, 672 F. Supp. 2d at 384-385. There must be specific allegations demonstrating that the health worker acted with a culpable state of mind. *See id.* at 386. The Report is correct that Plaintiff's "claim that the worker never mentioned any side effects is too general to meet this circuit's pleading standard of intent for infringement of a Fourteenth Amendment right to medical information." (Report at 12 (citing *Pabon*, 459 F.3d at 254).) The Complaint is therefore

---

[5] As for element one, Defendants do not contest that the first element—the objective standard—is met. To adequately allege the second element, Plaintiff must show that "the underlying right at stake" (i.e., to refuse unwanted medical treatment) "actually was impaired." *Pabon*, 459 F.3d at 251. Thus, Plaintiff must allege that had he been informed of Seroquel's risks, he would not have taken the medication. Plaintiff has not alleged this with specificity, but—as the Report explains—that is the clear inference to be drawn from the Complaint. (*See* Report at 8); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted) (noting that a *pro se* complaint is construed liberally and interpreted "to raise the strongest arguments that it suggests"). However, this Court agrees with the Report that if Plaintiff files an amended complaint, he should explicitly state that he would not have taken Seroquel had he been informed of the medication's risks and side-effects.

[6] This Court agrees that Plaintiff's right to be told of Seroquel's risks does not implicate the Eighth Amendment. (*See* Report at 9.)

4

dismissed on this basis as well.

## LEAVE TO AMEND

Leave to amend is granted. (*See id.* at 16-17.) Plaintiff may amend to name an individual CHS mental health worker (or sue him or her as "John/Jane Doe"). However, Plaintiff's amendment will be futile if he does not cure his pleading deficiencies with respect to the deliberate indifference element of his claim (element three). Moreover, as referenced above, *see supra* n.5, Plaintiff should be more specific in alleging that had he been informed of Seroquel's risks, he would not have taken the medication (element two). In addition, this Court grants leave to amend the Complaint as to the municipal claim against CHS and the City; however, such amendment will be futile unless Plaintiff adequately alleges a *Monell* claim (i.e., that a government custom or policy caused the health worker to violate Plaintiff's rights). *See Monell*, 436 U.S. at 611.

## CONCLUSION

Defendants' motion to dismiss the complaint is GRANTED. Plaintiff may seek leave to amend the Complaint in the manner articulated by the Report and this decision. The imposition of any deadlines or scheduling orders shall be left to the sound discretion of Magistrate Judge Netburn.

The Clerk of the Court is respectfully instructed to close the motion at ECF No. 22.

Dated: New York, New York
October 16, 2015

SO ORDERED:

*George B Daniels*

GEORGE B. DANIELS
United States District Judge

5