UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

OSMONDO SMITH,

                                **Plaintiff,**                  **14-cv-08839 (GBD)(SN)**

               -against-                            **REPORT AND**
                                                              **RECOMMENDATION**

CORIZON HEALTH SERVICES, et al.,

                                **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE GEORGE B. DANIELS:**

      Pro se plaintiff Osmondo Smith, currently incarcerated at Attica Correctional Facility, brings this action against defendants Corizon Health Services and the City of New York (collectively, the "defendants") pursuant to 42 U.S.C. § 1983 for the violation of his Fourteenth Amendment right to medical information. On October 16, 2015, the Honorable George B. Daniels adopted in full my Report and Recommendation, dismissing Smith's claims with leave to amend. Because Smith has not filed an amended complaint, the Court recommends that his claims be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### BACKGROUND

      Smith filed his complaint on November 4, 2014, against Corizon Health Services, the New York City Department of Correction ("NYC DOC"), and the New York City Department of Health and Mental Hygiene ("NYC DOHMH"), seeking monetary relief for a violation of his Fourteenth Amendment right to medication information. On December 17, 2014, Judge Daniels

referred this case to my docket for general pretrial supervision and to report and recommend on any dispositive motions.

On December 19, 2014, the Court dismissed Smith's claims against the NYC DOC and NYC DOHMH as agencies of the City of New York and thus not entities that can be sued. N.Y. City Charter Ch. 17 § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). See Emerson v. City of New York, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) (quoting Ch. 17 § 396); Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) (same).

On March 27, 2015, the defendants moved to dismiss Smith's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. On July 31, 2015, I issued a Report and Recommendation, recommending that the District Court grant the defendants' motion to dismiss, with leave to amend. On October 16, 2015, Judge Daniels adopted the Report and Recommendation in full. On March 28, 2016, I issued an order noting that Smith had been transferred to Attica Correctional Facility, directing him to notify the Court of any future changes of address, and granting him until April 28, 2016, to file an amended complaint. To date, Smith has failed to file an amended complaint, or otherwise submit any filings to the Court.

## DISCUSSION

### I. Nonresponsive Plaintiff

A plaintiff has a general obligation to prosecute his case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). A court may dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the plaintiff fails

to meet this obligation. In fact, "[a] plaintiff[']s lack of diligence alone is enough for dismissal." West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted). "The fact that plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner." Id. A pro se plaintiff, however, "should be granted special leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or to comply with a court order, the court need not wait for a defendant to file such a motion. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Moreover, the court is not required to provide notice of the dismissal. "[S]uch dismissal is largely a matter of the judge's discretion." See West, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the court may even dismiss an action *with* prejudice when a plaintiff fails to prosecute his case. Link, 370 U.S. at 629–31. C

In deciding whether to dismiss an action for failure to prosecute, the court must consider five factors: "'(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84

F.3d 532, 535 (2d Cir. 1996)). Of these factors, no particular one is generally dispositive. Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

While a district court is not required to address each of these factors in its written decision by a list of "'robotic incantations,'" id. at 217 (quoting United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005)), the Court at a minimum must provide a reason for the dismissal. See Grace v. New York, 10 Civ. 3853 (LTS)(GWG), 2010 WL 3489574, at *2 (Sept. 7, 2010), report and recommendation adopted, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010).[1]

Here, Smith has not filed any papers with the Court since August 18, 2015, a period of nearly nine months. His failure to provide the Court with his current address serves as an additional ground for dismissal. See Grace, 2010 WL 3489574, at *2 ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." (citing cases)).

This report and recommendation provides Smith with notice that his claims will be dismissed for failure to prosecute, and another opportunity to be heard before the District Judge. Although the Court does expect defendants in pro se cases – particularly institutional defendants such as the City of New York – to move cases along, the defendants cannot be expected to mount a defense or otherwise proceed in a case against an entirely absent plaintiff. Because Smith previously failed to provide the Court with his current contact information, and because he has failed to file an amended complaint, the Court deems his claims essentially abandoned. In

---

[1] Though such an analysis may not be necessary for dismissal that is without prejudice, see Thrall v. Cent. N.Y. Reg'l Transp. Auth., 399 F.App'x 663, 666 (2d Cir. 2010) (noting that dismissal without prejudice under Rule 41(b) is a "lesser sanction" than dismissal with prejudice), this Court will nonetheless analyze the Baptiste factors to ensure that the pro se plaintiffs be afforded every chance to succeed on the merits.

4

light of Smith's pro se status, however, I recommend that his claims be dismissed without prejudice. See Grace, 2010 WL 3489574, at *2.

## CONCLUSION

For the foregoing reasons, I recommend that all claims asserted by Smith be dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         May 9, 2016

\*          \*          \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will

result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).


cc:     Osmondo Smith (*By Chambers*)
        16-A-0312
        639 Exchange Street
        Attica, NY 14011-0149