UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
OSMONDO SMITH,

                Plaintiff,

      -v-

CORIZON HEALTH SERVICES, et al.,

                Defendant
------------------------------------x

MEMORANDUM OPINION AND ORDER

14-cv-08839 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

*Pro se* plaintiff Osmondo Smith filed a complaint on November 4, 2014 against Corizon Health Services ("CHS"), the New York City Department of Correction ("NYC DOC"), and the New York City Department of Health and Mental Hygiene ("NYC DOHMH"), pursuant to 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment right to medical information. (Complaint, (ECF No. 1).) On December 17, 2014, this Court referred this action to Magistrate Judge Netburn for general pretrial supervision and to report and recommend on any dispositive motions. (Order Referring Case to Magistrate Judge, (ECF No. 8).) On December 19, 2014, Magistrate Judge Netburn dismissed Smith's claims against the NYC DOC and NYC DOHMH because New York City agencies (as opposed to the City of New York itself) cannot be sued. (Order of Service, (ECF No. 9), at 2 (citing N.Y. City Charter ch. 17, § 396).) Accordingly, in light of Smith's *pro se* status, Magistrate Judge Netburn construed the Complaint as asserting claims against the City of New York, and directed the Clerk of Court to amend the caption of this action by replacing the NYC DOC and NYC DOHMH with the City of New York pursuant to Federal Rule of Civil Procedure 21. (*Id.*)

1

On March 27, 2015, CHS and the City of New York moved to dismiss Smith's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. (Motion to Dismiss, (ECF No. 22).) On July 31, 2015, Magistrate Judge Netburn issued a Report and Recommendation, recommending that this Court grant Defendants' motion to dismiss with leave to amend. (Report and Recommendation, (ECF No. 30), at 1.) This Court adopted the Report and Recommendation in full on October 16, 2015, and dismissed the Complaint without prejudice. (Memorandum Decision and Order, (ECF No. 32), at 2, 5.) On March 28, 2016, Magistrate Judge Netburn granted Smith until April 28, 2016 to file an amended complaint. (Order, (ECF No. 33).) To date, Smith has not filed an amended complaint.

On May 9, 2016, Magistrate Judge Netburn provided this Court with another Report and Recommendation, recommending that this action be dismissed without prejudice due to Smith's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Report and Recommendation ("Report"), (ECF No. 34).) After setting forth the relevant factors a court must consider when deciding whether to dismiss an action for failure to prosecute, Magistrate Judge Netburn recommended that such a dismissal would be appropriate given that Smith had not filed any papers for a period of nine months. (Report at 3-4.) Magistrate Judge Netburn also noted that the Report itself provided notice to Smith that his claims might be dismissed for failure to prosecute, and that he would have an opportunity to be heard before this Court if he wished to proceed with the action by objecting to the Report. (*See id.* at 4.) Finally, in light of Smith's *pro se* status, the Report recommended dismissal of the Complaint without prejudice. (*Id.* at 4-5.)

A court "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A court must review *de novo* the portions of a magistrate judge's report to which

a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If clear notice has been given of the consequences of failure to object, and there are no objections, a court may adopt a report without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir.2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Instead, the report may be adopted so long as "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In the Report, Magistrate Judge Netburn advised the parties that a failure to file timely objections object to the Report would constitute a waiver of those objections for purposes of appeal. (Report at 5-6.) To date, no objections have been filed.

As there is no clear error on the face of the record, this Court adopts the findings of fact, conclusions of law, and recommendation set forth in the Report in their entirety. In fact, an additional month has now passed since the issuance of the Report, and Smith still has not made any filings or otherwise indicated his desire to proceed with this action. Accordingly, Smith's claims are DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to close the above-captioned action.

Dated: June 15, 2016
New York, New York

SO ORDERED.

George B. Daniels
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

3